## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL CROWLEY**, | : | |
| | : | Case No.   2:19-cv-06009-JMY |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **HOUSTON WIRING AND CABLE CO.**, | : | |
| | : | |
| *Defendant* | : | |

## <u>MEMORANDUM AND ORDER</u>

**AND NOW**, this 9th day of January, 2020, pending before the Court is a motion to transfer this case to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a), filed by Defendant Houston Wiring and Cable Co.  (*See* ECF No. 6.)  The motion is unopposed.  Plaintiff Michael Crowley failed to file a response, and the time to do so has expired. *See* L.R. 7.1(c) (responses to non-dispositive motions are due within fourteen days, and "[i]n the absence of [a] timely response, the motion may be granted as uncontested").  The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f).  For the following reasons, the Court will grant Defendant's motion to transfer to the United States District Court for the Southern District of Texas.

### I.       BACKGROUND

This is a civil action for damages arising out of Plaintiff's employment with Defendant. (ECF No. 1 at 10-14.)[1]  Plaintiff originally filed his suit against Defendant in the Pennsylvania Court of Common Pleas, Chester County.  (*Id*.)  The case was removed to this Court on December 19, 2019.  (*Id*. at 1.)  On December 23, 2019, Defendant filed the instant motion requesting to

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

transfer this action to the Southern District of Texas based on a forum-selection clause in an employment agreement between the parties.  ("Motion," ECF No. 6-1.)

Defendant is in the wire and cable industry.  (*See* ECF No. 1.)  Defendant is a Delaware corporation and has its principal place of business in Houston, Texas.  (*Id*. at 3.)  On December 27, 2018, Plaintiff executed an employment agreement whereby he accepted employment with Defendant as an Inside Salesperson.  ("Employment Agreement," ECF No. 6-3 at 2.)  A copy of the employment agreement is attached to the Defendant's motion to transfer.  (*See id*.)  The employment agreement provides, in relevant part, that:

> As a condition of EMPLOYEE's employment and in consideration of HWC providing EMPLOYEE with training; salary, bonus, or wages; Confidential Business Information; or other legal consideration, EMPLOYEE and HWC agree as follows:
>
> …
>
> ### ARTICLE VI. MISCELLANEOUS
>
> 21.  Texas Law Applies.  This Agreement shall be governed in accordance with the laws of the State of Texas, excluding the conflicts of law provisions thereof.
>
> 22.  Forum Selection.  THE PARTIES expressly agree that any suit or other legal proceedings related to or arising out of the PARTIES' employment relationship or this Agreement will be filed and heard only in the state or federal courts sitting in Houston, Texas, and that if the PARTIES agree to arbitration, the arbitration will likewise take place in Houston, Texas.  The PARTIES expressly and irrevocably waive any objection they may have to Houston, Texas as a venue for any such proceedings and will not assert that Houston, Texas or the courts or arbitrators sitting therein are an improper or inconvenient forum.

(*Id*. at 2, 6.)

Despite this language in the employment agreement, Plaintiff brought suit against Defendant in Pennsylvania state court for wrongful termination/wrongful discharge, which clearly relates to Plaintiff's employment with Defendant.

## II.   DISCUSSION

Defendant asserts that the Southern District of Texas is the appropriate federal venue for Houston, Texas, and this case should be transferred to the Southern District pursuant to 28 U.S.C. § 1404(a).  (*See* Motion at 5 n.1.)  Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Tex.*, 571 U.S. 49, 62 (2013).  Where a forum-selection clause is present, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.*  Because Plaintiff has not responded to the motion, there is no argument before the Court that the forum-selection clause is invalid or unenforceable.  Accordingly, the undersigned treats the clause as valid.

Typically, a court considering a motion under Section 1404(a) must evaluate both the convenience of the parties and various public-interest considerations to decide whether transfer ultimately promotes the interest of justice. *Id*. at 62-63.  Where a forum-selection clause is present, however, this analysis changes and the clause should be "given controlling weight in all but the most exceptional cases." *Id*. at 63 (citing *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 33 (1988)).  In such instances, the plaintiff's choice of forum merits no weight, and "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is

3

unwarranted." *Id*. As Plaintiff has not filed a response to the motion, Plaintiff has failed to satisfy this burden.

Additionally, a court should not consider arguments about the parties' private interests, as the parties waive the right to challenge the selected forum as inconvenient by negotiating a forum-selection clause. *Id*. at 64. As a consequence, a court may consider arguments about public-interest factors only. *Id*. "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id*. Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

Defendant submits to the Court that all of the public-interest factors weigh in favor of transfer. (*See* Motion at 13-14.) The undersigned agrees. First, there is no evidence before the Court of court congestion in the Southern District of Texas.[2] As to the second and third factors, the Court finds that the Employment Agreement contains a choice-of-law provision that requires the application of Texas law (*see* Employment Agreement at 6 ¶ 21), and, therefore, "the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law" does not overwhelmingly disfavor transfer. *See Atl. Marine Const. Co.*, 571 U.S. at 62. Moreover, in *Atlantic Marine* the Supreme Court clarified that the normal rule governing § 1404(a) transfers, which provides that the law applicable

---

[2] Recent court management statistics show that the median length of time from filing to trial in the Southern District of Texas was 18.9 months in 2018 and 23.9 months in 2019, compared with the Eastern District of Pennsylvania where the median length of time from filing to trial was 21.5 months in 2019 and 19.6 months in 2019. *See* September 2019 Federal Court Management Statistics—Comparison within Circuit, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2019.pdf (last visited January 8, 2020) (describing median time from filing to disposition).

in the transferor court follows the lawsuit to the transferee court, is inapplicable where the plaintiff ignored a valid forum-selection clause in choosing the initial venue.  *Id*. at 65-66.  Accordingly, the Court finds that the public-interest factors do not weigh in Plaintiff's favor.

## III.    CONCLUSION

Finding that Defendant has presented evidence of a valid agreement with a forum-selection clause, and that Plaintiff has presented no arguments demonstrating transfer is unwarranted, the Court will grant Defendant's motion.  Accordingly:

1.  **IT IS HEREBY ORDERED** that Defendant Houston Wiring and Cable Co.'s Motion to Transfer Venue (ECF No. 6) is **GRANTED**;

2.  **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1404(a), the Clerk of Court is **DIRECTED** to transfer this action to the United States District Court for the Southern District of Texas and the Clerk shall **CLOSE** this case statistically.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ Judge John Milton Younge

**Judge John Milton Younge**